# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**833**
**CA 18-02266**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.

FORD MOTOR CREDIT COMPANY LLC, FORMERLY KNOWN
AS FORD MOTOR CREDIT COMPANY,
PLAINTIFF-RESPONDENT-APPELLANT,

            V            MEMORANDUM AND ORDER

MCCARTHY ACQUISITION CORPORATION, DOING BUSINESS
AS MCCARTHY FORD, ET AL., DEFENDANTS,
THOMAS J. PIERONI, AUTOMOTIVE FLEET LEASING
SERVICES, INC., DOING BUSINESS AS AUTOMOTIVE
FLEET LEASING CO., AND BENTLEY HOLDINGS, INC.,
DOING BUSINESS AS AUTOMOTIVE FLEET LEASING CO.,
DEFENDANTS-APPELLANTS-RESPONDENTS.
(ACTION NO. 1.)
-----------------------------------------------------
THOMAS J. PIERONI, BENTLEY HOLDINGS, INC., DOING
BUSINESS AS AUTOMOTIVE FLEET LEASING CO.,
PLAINTIFFS-APPELLANTS-RESPONDENTS,
ET AL., PLAINTIFFS,

            V

FORD MOTOR CREDIT COMPANY LLC, FORMERLY KNOWN AS
FORD MOTOR CREDIT COMPANY,
DEFENDANT-RESPONDENT-APPELLANT.
(ACTION NO. 2.)

HODGSON RUSS LLP, BUFFALO (AARON M. SAYKIN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS AND PLAINTIFFS-APPELLANTS-
RESPONDENTS.

PHILLIPS LYTLE LLP, BUFFALO (CRAIG A. LESLIE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT AND DEFENDANT-RESPONDENT-APPELLANT.

     Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 14, 2018.  The order, among other things, granted the motion of plaintiff-defendant Ford Motor Credit Company LLC, formerly known as Ford Motor Credit Company, for leave to reargue and/or renew its motion for summary judgment, and upon reargument and renewal, granted that motion in part.

     It is hereby ORDERED that the order so appealed from is unanimously modified on the law by in action No. 1 denying the motion of plaintiff, Ford Motor Credit Company LLC, formerly known as Ford

Motor Credit Company, for summary judgment in its entirety and reinstating the counterclaims of defendants Thomas J. Pieroni, Automotive Fleet Leasing Services, Inc., doing business as Automotive Fleet Leasing Co., and Bentley Holdings, Inc., doing business as Automotive Fleet Leasing Co., and in action No. 2 denying that part of the motion of defendant, Ford Motor Credit Company LLC, formerly known as Ford Motor Credit Company, to dismiss the fraud and deceit cause of action and reinstating that cause of action insofar as asserted by plaintiffs Thomas J. Pieroni and Bentley Holdings, Inc., doing business as Automotive Fleet Leasing Co., and as modified the order is affirmed without costs.

    Memorandum:  The two actions before us stem from a dispute over entitlement to the value of certain vehicles transferred from a now-defunct automobile dealership (dealership).  Pursuant to a floor plan financing and security agreement, plaintiff-defendant Ford Motor Credit Company LLC, formerly known as Ford Motor Credit Company (Ford Credit), gave the dealership financing to acquire vehicles in exchange for a security interest in the vehicles.  Ford Credit commenced action No. 1 against the dealership and its guarantors after the dealership was "out of trust"; 79 vehicles were missing from the dealership's inventory for which Ford Credit never received payment.  Ford Credit then amended the complaint to include, inter alia, defendants-plaintiffs Thomas J. Pieroni (Pieroni), Automotive Fleet Leasing Services, Inc., doing business as Automotive Fleet Leasing Co., and Bentley Holdings, Inc., doing business as Automotive Fleet Leasing Co. (Bentley) (collectively, Pieroni Companies).  Ford Credit alleged that the Pieroni Companies were the purported buyers or participants in the transfer of some of the vehicles that were missing from the dealership's inventory (vehicles).  As relevant to this appeal, Ford Credit asserted against the Pieroni Companies conversion (fourth) and tortious interference with an existing contract (fifth) causes of action.  The Pieroni Companies asserted counterclaims against Ford Credit.  Pieroni and Bentley, among others, commenced action No. 2 against Ford Credit, and in a prior order, Supreme Court dismissed all causes of action in action No. 2 except for the fraud and deceit cause of action.  Ford Credit moved for summary judgment in action No. 1 and the court denied that motion.  The Pieroni Companies now appeal and Ford Credit cross-appeals from an order that, inter alia, granted Ford Credit's motion for leave to reargue and/or renew its motion for summary judgment in action No. 1 and thereupon in action No. 1 granted those parts of Ford Credit's motion for summary judgment with respect to the fourth and fifth causes of action insofar as asserted against the Pieroni Companies and for summary judgment dismissing the counterclaims of the Pieroni Companies in action No. 1, and granted Ford Credit's motion to dismiss the fraud and deceit cause of action in action No. 2.

    We agree with the Pieroni Companies on their appeal that the court erred in granting in part Ford Credit's motion for summary judgment in action No. 1 and in granting the motion to dismiss the fraud and deceit cause of action in action No. 2, and we therefore modify the order by in action No. 1 denying the motion for summary judgment in its entirety and reinstating the counterclaims of the

Pieroni Companies, and in action No. 2 denying the motion to dismiss the fraud and deceit cause of action and reinstating that cause of action insofar as asserted by Pieroni and Bentley.  In general, "a security interest . . . continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof" (UCC 9-315 [a] [1]).  An exception is that a "buyer in ordinary course of business . . . takes free of a security interest" (UCC 9-320 [a]).  A buyer in ordinary course, however, "does not include a person that acquires goods in a transfer in bulk or as security for or in total or partial satisfaction of a money debt" (UCC 1-201 [b] [9]).

Ford Credit met its initial burden on its motions in action No. 1 and action No. 2 of establishing that its security interest in the vehicles was not extinguished by the transfer of the vehicles to the Pieroni Companies because the Pieroni Companies were not buyers in ordinary course (*see generally Hann Fin. Serv. Corp. v Republic Auto Credit Group, LLC*, 18 AD3d 434, 436 [2d Dept 2005]).  Ford Credit submitted evidence that the dealership's records did not show any advance deposits made by the Pieroni Companies on the dealership's balance sheets and that any advance deposits that were made by the Pieroni Companies were in fact short-term loans inasmuch as the money was shortly thereafter returned to the Pieroni Companies.  In opposition to the motions, however, the Pieroni Companies raised a triable issue whether they gave new value for the vehicles.  In particular, they submitted a schedule showing the advance payments they made to the dealership for six years prior to the bulk purchase of the vehicles.  They also submitted the affidavit of the president of the dealership, who averred that Bentley had more than enough money on deposit with the dealership to be used for the purchase of the vehicles.  The president denied that the funds deposited with the dealership were loans.  Thus, we conclude that whether the transfer of the vehicles was made with new value or instead was in satisfaction of a money debt is an issue of fact for the jury to determine (*see generally* UCC 1-201 [b] [9]; *United States v Handy & Harman*, 750 F2d 777, 782 [9th Cir 1984]), and neither party is entitled to summary judgment.

Inasmuch as Ford Credit is not entitled to summary judgment in action No. 1, it is thus not entitled to the amount of proceeds from the sale of the vehicles that remain in escrow.  Ford Credit's contention on its cross appeal that it is entitled to damages in excess of the amount remaining in escrow is therefore moot.

Entered:  October 4, 2019                             Mark W. Bennett
                                                      Clerk of the Court